```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :

          - v. -                 :     INDICTMENT

DAVID WILKINS,                   :     S1 07 Cr. 566 (GBD)
KEITH CLARK,
 a/k/a "Fat Boy,"                :
TERRENCE MCGEE,
 a/k/a "Tuffy,"                  :
HORACE HEDGEPETH,
 a/k/a "Monte,"                  :
SHANTA BROWN,
JAMAR JONES,                     :
 a/k/a "Pooh bear,"
 a/k/a "Pooh,"                   :
TORY DELANEY,
ROBIN MCMAHON,                   :
 a/k/a "Marlon,"
JAMES GILLIARD,                  :
 a/k/a "Sos,"
 a/k/a "Sosa," and               :
MARK ATWATER,
                                 :
          Defendants.
                                 :
- - - - - - - - - - - - - - - - x
```

                                **COUNT ONE**

    The Grand Jury charges:

    1.   From in or about 2006, up to and including in or about May 2007, in the Southern District of New York and elsewhere, DAVID WILKINS, KEITH CLARK, a/k/a "Fat Boy," TERRENCE MCGEE, a/k/a "Tuffy," HORACE HEDGEPETH, a/k/a "Monte," SHANTA BROWN, JAMAR JONES, a/k/a "Pooh bear," a/k/a "Pooh," TORY DELANEY, ROBIN MCMAHON, a/k/a "Marlon," JAMES GILLIARD, a/k/a "Sos," a/k/a "Sosa," and MARK ATWATER, the defendants, and others known and unknown, unlawfully, intentionally and knowingly did

combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that DAVID WILKINS, KEITH CLARK, a/k/a "Fat Boy," TERRENCE MCGEE, a/k/a "Tuffy," HORACE HEDGEPETH, a/k/a "Monte," SHANTA BROWN, JAMAR JONES, a/k/a "Pooh bear," a/k/a "Pooh," TORY DELANEY, ROBIN MCMAHON, a/k/a "Marlon," JAMES GILLIARD, a/k/a "Sos," a/k/a "Sosa," and MARK ATWATER, the defendants, and others known and unknown, would and did distribute, and possess with intent to distribute, a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21, United States Code.

3. It was further a part and an object of the conspiracy that DAVID WILKINS, KEITH CLARK, a/k/a "Fat Boy," TERRENCE MCGEE, a/k/a "Tuffy," HORACE HEDGEPETH, a/k/a "Monte," SHANTA BROWN, JAMAR JONES, a/k/a "Pooh bear," a/k/a "Pooh," TORY DELANEY, ROBIN MCMAHON, a/k/a "Marlon," JAMES GILLIARD, a/k/a "Sos," a/k/a "Sosa," and MARK ATWATER, the defendants, and others known and unknown, would and did distribute, and possess with intent to distribute, a controlled substance, to wit, fifty grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Sections 812, 841(a)(1) and 841(b)(1)(A) of Title

21, United States Code.

OVERT ACTS

4. In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about October 16, 2006, DAVID WILKINS and KEITH CLARK, a/k/a "Fat Boy," the defendants, had a telephone conversation during which they discussed how CLARK could supply WILKINS with narcotics;

b. On or about October 6, 2006, WILKINS and TERRENCE MCGEE, a/k/a "Tuffy," the defendants, had a telephone conversation during which they discussed the price of a kilogram of cocaine;

c. On or about October 17, 2006, WILKINS and HORACE HEDGEPETH, a/k/a "Monte," the defendants, had a telephone conversation during which they spoke about HEDGEPETH getting narcotics from WILKINS;

d. On or about September 5 and 6, 2006, WILKINS and SHANTA BROWN, the defendants, had telephone conversations during which they discussed an individual who wanted to buy a kilogram of cocaine;

e. On or about October 24, 2006, WILKINS and JAMAR JONES, a/k/a "Pooh bear," a/k/a "Pooh," the defendants, had

a telephone conversation during which they discussed crack cocaine;

  f. On or about December 27, 2006, SHANTA BROWN and DAVID WILKINS drove together in a van in the Bronx, New York.

  g. On or about September 4, 2006, WILKINS and TORY DELANEY, the defendants, had telephone conversations during which they discussed an individual who wanted to purchase narcotics.

  h. On or about December 4, 2006, WILKINS and ROBIN MCMAHON, a/k/a "Marlon," the defendants, had a telephone conversation about diluting narcotics.

  i. On or about September 30, 2006, WILKINS and JAMES GILLIARD, a/k/a "Sos," a/k/a "Sosa," the defendants, had a telephone conversation during which they spoke about GILLIARD getting narcotics from WILKINS and HEDGEPETH.

  j. On or about September 12, 2006, WILKINS and MARK ATWATER, the defendants, had a telephone conversation during which they spoke about ATWATER getting sixty grams of cocaine from WILKINS.

(Title 21, United States Code, Section 846.)

## COUNT TWO

The Grand Jury further charges:

5. On or about May 23, 2007, in the Southern District of New York, HORACE HEDGEPETH, a/k/a "Monte," the defendant,

after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about August 27, 1992, in New York State Supreme Court, Bronx County, of criminal possession of a loaded firearm in the third degree, a Class D felony, unlawfully, wilfully, and knowingly, did possess in and affecting commerce, a firearm, to wit, a .40 caliber Glock semi-automatic handgun, which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1).)

## FORFEITURE ALLEGATION

6. As a result of committing the controlled substance offense alleged in Count One of this Indictment, DAVID WILKINS, KEITH CLARK, a/k/a "Fat Boy," TERRENCE MCGEE, a/k/a "Tuffy," HORACE HEDGEPETH, a/k/a "Monte," SHANTA BROWN, JAMAR JONES, a/k/a "Pooh bear," a/k/a "Pooh," TORY DELANEY, ROBIN MCMAHON, a/k/a "Marlon," JAMES GILLIARD, a/k/a "Sos," a/k/a "Sosa," and MARK ATWATER, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment.

## Substitute Asset Provision

7. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants --

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)

_____  
FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DAVID WILKINS,
KEITH CLARK,
 a/k/a "Fat Boy,"
TERRENCE MCGEE,
 a/k/a "Tuffy,"
HORACE HEDGEPETH,
 a/k/a "Monte,"
SHANTA BROWN, and
JAMAR JONES,
 a/k/a "Pooh bear,"
 a/k/a "Pooh,"
TORY DELANEY,
ROBIN MCMAHON,
 a/k/a "Marlon,"
JAMES GILLIARD,
 a/k/a "Sos,"
 a/k/a "Sosa," and
MARK ATWATER,
             Defendants.

INDICTMENT

S1 07 Cr. 566 (GBD)

(Title 21, United States Code, Section
846; Title 18, United States Code,
Section 922(g))

MICHAEL J. GARCIA
United States Attorney

A TRUE BILL.

_Madeline Outon_
Foreperson.